UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION


FILED
SEP 16 2015

| | |
|---|---|
| GERALD LEBEAU,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE, U.S. Marshal, in his individual and official capacity;<br>JOHN DOE, U.S. Marshal, in his individual and official capacity;<br>TED MCBRIDE, Assistant U.S. Attorney in his individual and official capacity;<br>KAREN E. SCHREIER, U.S. District Court Judge, in her individual and official capacity,<br><br>　　　　　　Defendants. | 5:15-CV-05057-RAL<br><br><br>ORDER DISMISSING<br>COMPLAINT |

Plaintiff Gerald LeBeau ("LeBeau") filed this lawsuit pursuant to 42 U.S.C. § 1983. LeBeau named as Defendants, Assistant United States Attorney Ted McBride, United States District Court Judge Karen E. Schreier, and two John Doe employees of the United States Marshal Service, in their individual and official capacities. LeBeau currently is incarcerated at Pennington County Jail in Rapid City, South Dakota. The Court has "screened" this case pursuant to 28 U.S.C. § 1915. For the following reasons, the complaint does not survive screening.

1

## I. FACTS ALLEGED IN THE COMPLAINT

On August 4, 2015, LeBeau filed this complaint, Doc. 1, asserting jurisdiction under "Art. I, 1868 Ft. Laramie Treaty 'Bad Man Clause.'" *Id.* at 1. Most of the statements in his complaint are conclusory legal statements. LeBeau alleges that Judge Schreier and prosecutor McBride "allowed" two United States Marshal employees to deprive him "the right of bodily liberty" and that "[r]estraints were unlawful in the manner they were applied." Doc. 1 at 4. He alleges that his face was slammed onto a courtroom table, crushing his cheekbone, and that his shackled feet were pulled out from under him, causing him pain and injury. *Id.* However, LeaBeau does not identify who allegedly undertook such actions or on what day they occurred. *Id.* This Court takes judicial notice that LeBeau is a defendant in a case prosecuted by McBride and on which Judge Schreier presides. *U.S. v. LeBeau*, 14-cr-50048-KES; *See* Fed. R. Evidence 201. On August 14, 2015, a jury returned a verdict finding LeBeau guilty on one count of possession with intent to distribute a controlled substance and two counts of conspiracy to distribute a controlled substance. *Id.* at Doc. 468. LeBeau seeks compensatory and punitive damages from each defendant in their individual and official capacities. *Id.* at 5.

## II. LEGAL STANDARD

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153

(8th Cir. 1993) (citations omitted); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires that a complaint's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965.

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must contain facts which state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are insufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). The Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). It is with these standards in mind that LeBeau's complaint is carefully considered.

### III. DISCUSSION

LeBeau bases his claim on the "Bad Man Clause" of the 1868 Treaty of Ft. Laramie. This clause provided that:

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians, herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . .

Art. I, paragraph 3, 1868 Treaty of Ft. Laramie.

The 1868 Treaty of Ft. Laramie was between the Sioux Nation and the United States and concerns Indian Country. LeBeau has not pleaded that he is an Indian or pleaded where the alleged events occurred. For historical reasons, American Indians have reason to criticize federal government policies and laws that led to contraction of Indian Country following the 1868 Treaty of Ft. Laramie. For legal reasons that control in this Court, portions of Pennington County, including where LeBeau was held and tried, are no longer Indian Country. *See Rosebud Sioux Tribe v. Kneip*, 430 U.S. 584, 614 (1977) (holding that Congress intended to diminish the boundaries of Indian Country previously set by the Treaty of Ft. Laramie). The Treaty of Ft. Laramie itself is not a wellspring for federal court jurisdiction or causes of action against federal employees.

Liberally construed, LeBeau's complaint could be an attempt to state a claim of excessive force under the Eighth Amendment brought under 42 U.S.C. § 1983. The complaint is not clear as to which defendant is responsible for which injuries. Under § 1983, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). A government official cannot be held liable

4

under § 1983 merely because they were supervising or working with an employee when an employee violated someone's constitutional rights. *Id.* Thus, LeBeau has no claim against Judge Schreier or prosecutor McBride whom LeBeau alleges merely "allowed" the U.S. Marshal Service to mistreat him.

LeBeau's remaining claim is that two employees of the U.S. Marshal Service used force against him which, if true, could be a violation of his Eighth Amendment rights if such force were constitutionally excessive in nature. The "core judicial inquiry" when considering an Eighth Amendment claim of excessive force is whether that force was "applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Circuit Court of Appeals has provided specific considerations to make this determination.

> In evaluating whether the force was reasonable and in good faith, courts may consider the need for applying force, the relationship between that need and the amount of force utilized, the threat the responsible officials reasonably perceived, any efforts used to diminish the severity of a forceful response, and the extent of the injury inflicted.

*Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008).

LeBeau's factual allegations are not sufficient to state a claim under this test. A "civil rights complaint 'must contain facts which state a claim as a matter of law and must not be conclusory.'" *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (quoting *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). This Court "is not required 'to divine the litigant's intent and

create claims that are not clearly raised,' and it need not 'conjure up unpled allegations' to save a complaint." *Id.* (citatations omitted). LeBeau not only does not identify the particular U.S. Marshals he seeks to sue, but also does not provide the date, circumstances, or place where the event is alleged to have occurred, although he does reference a courtroom table. The complete lack of context alleged does not allow this Court, even construing the complaint liberally, to make "a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, it is

ORDERED that LeBeau's complaint, Doc. 1, is dismissed without prejudice to re-filing.

Dated September 16th, 2015.

BY THE COURT:

Roberto A. Lange
UNITED STATES DISTRICT JUDGE